HARRY RIBACK, Appellant, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellee.

MASTER AND SERVANT: Place for Work—Non-Inherently Dangerous Defects—Servant's Failure to Discover. A place of work is not legally unsafe for a competent and experienced servant because of the existence in such place of a simple defect, which such servant, though possessed with adequate equipment, inadvertently failed to discover, though charged with such *particular* duty.

PRINCIPLE APPLIED: Brace rods are placed on the inside of engine water tenders in order to prevent bulging of the sides. They are fastened at each end with ordinary angle irons and bolts. In time, they become loose. A competent and experienced workman, equipped with proper tools and light, entered the manhole of a tender, with explicit direction to find and repair all loose rods. He later found it necessary to leave the

tender, for a supply of bolts. The top of the manhole was beyond his reach. About a foot to the side of the manhole, and two feet from the bottom of the tender, was a brace rod, upon which the workmen stepped, in order to reach the top of the manhole. This rod was loose; but the workman had not discovered such fact, though he could easily have done so. The location of the rod was such that the workman, in his effort to get out of the manhole, necessarily applied a lateral pressure to the rod, whereupon it, being loose, slipped from its place of fastening, and the workman fell and was injured. *Held,* the place was not unsafe, in a legal sense, by reason of the rod's being loose.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

FEBRUARY 9, 1918.

ACTION for damages for personal injuries sustained by the plaintiff while in the employ of the defendant. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant. The plaintiff appeals.—*Affirmed.*

*George G. Yeaman,* and *O. D. Nickle,* for appellant.

*Sargent, Strong & Struble,* for appellee.

EVANS, J.—At the time of the accident in question, the plaintiff was engaged as a workman in the repair shops of the defendant at Sioux City. He was helper to the boiler maker. At the time of his injury, he was in the water tank of an engine tender. This tender had been brought into the shop for repair. Among the repairs needed was the fastening of the inside brace rods of its water tank. These brace rods were in general use in all water tanks. They extended across the tank, and were fastened at each end upon angle irons by bolts and burrs. Their function was to so brace the sides of the tank as to prevent their bulging under the pressure of the water. These rods frequently became loose at their fastenings, by the breakage or loss of bolt or burr. The work of repair thereof con-

sisted in supplying the necessary new bolts or burrs, and in placing the same appropriately, and in tightening such others as had need of such attention. This was the work to which the plaintiff was sent, and upon which he was engaged at the time of his injury. He was advised that some of the brace rods in the tank in question were loose, and, upon direction of a superior, he entered the tank, for the purpose of fastening the same. He was familiar with the work, and, so far as appears, had no need of other instructions as to the method of doing the same. Necessarily, the only means of ingress and egress to and from the tank was through the manhole. This was an oval shaped hole, in the center of the tank. The plaintiff entered the tank safely, carrying with him an electric torch, for the purpose of lighting the same, and performed therein a considerable portion of his repair work. Before finishing his work, he undertook to get out of the tank, for the purpose of obtaining additional bolts and burrs. The top of the tank was of such height above the floor that he was not able to reach the same from the floor. He therefore stood upon a brace rod, which extended across the tank about two feet above the floor. With this advantage, he was able to reach the top of the manhole, whereby he would be able to draw himself up. The brace rod, however, was not directly underneath the manhole, but was about twelve inches to one side thereof. He therefore had to assume a somewhat oblique or twisted position, in order to reach the top of the manhole with his hands, while standing upon the brace rod. This brace rod proved to be one that was loose at one end. This fact had not been discovered by the plaintiff. In pulling himself up by his arms, he naturally exerted a pushing pressure upon the rod, the loose end of which necessarily yielded, whereby the plaintiff fell to the floor, and sustained injuries, which later resulted in an infection, from which he has suffered substantial damage.

The negligence charged by the plaintiff is that the defendant failed to furnish him a safe place to work, and to furnish a safe method of ingress and egress to and from his place of work. The trial court dismissed the action, on the ground that no negligence was proved; and on the further ground of assumption of risk. The parties stipulated that the case comes within the provision of the Federal Employers' Liability Act. Therefore, no question of contributory negligence is involved.

I. Was there sufficient evidence of negligence to justify a submission of the question to the jury? That it was the duty of the defendant company to furnish the plaintiff a reasonably safe place to work is a truism. There was in fact nothing inherently dangerous about the place of work. The only specific danger pointed out is that the end of this brace rod was loose. The condition was dangerous only in the sense that the plaintiff might be misled by it, if unadvised thereof. The very purpose of his presence in the tank was to discover and repair the loose brace rods. True, this particular brace rod was not specified. Neither was any other. He was advised that some of the brace rods were loose. Only an observation from the inside could determine which ones were loose. The plaintiff was equipped for that very purpose with tools and light. True, the plaintiff had not discovered that this particular rod was loose. Neither had he tried to discover it. The slightest observation would have disclosed the fact. If the defendant failed at this point in any duty owing to him, we ought to be able to conceive of some particular thing which the defendant should reasonably have done, in order to protect the plaintiff against this inadvertence. Plaintiff's counsel have not been able to suggest in their brief any particular thing which the defendant ought to have done, except their general proposition that it ought to have furnished a safe place to work. The mere fact that the tank needed repair

was not, of itself, a negligence. It was brought to the repair shop for that very reason. The extent of repair necessary in this regard could be ascertained only by inside observation. Conceivably, the defendant could have sent a man into the tank in advance of the plaintiff, and ascertained the specific rods that needed attention. But it would have owed precisely the same duty to such employee as it did to the plaintiff. The plaintiff was as well fitted to make such observation as any other employee could be. Such observation was a part of the work of necessary repair to which the plaintiff was delegated. Granting that the defendant company was bound to discover and repair the defective condition of this brace rod, it could do so only through the instrumentality of some employee. It was within the range of plaintiff's experience, and within the scope of his duty. Having equipped him with light and with tools, and having furnished him a place to work which had no defect except that which he was sent to discover and repair, in what duty to the plaintiff did the defendant fail? We think it must be said that the record discloses no evidence of negligence, and that the trial court properly so ruled. Our conclusion at this point renders it unnecessary that we consider the second ground sustained by the trial court. The judgment below must be—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.